UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GABRIELLE & ELIJAH SMITH, minor ) <br> children of GLEN SMITH, by their mother ) <br> CHERI JANINE SMITH, widow of ) <br> GLEN SMITH, and ) <br> ) <br> CHERI JANINE SMITH, widow of ) <br> GLEN SMITH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOHN CUPP, individually and as, ) <br> SHERIFF OF HAMILTON COUNTY, ) <br> TENNESSEE, and ) <br> ) <br> MARTY DUNN, individually and as ) <br> DEPUTY SHERIFF OF HAMILTON ) <br> COUNTY, TENNESSEE, ) <br> ) <br> Defendants. ) | No. 1:03-CV-139 <br><br> Mattice / Lee |

### **REPORT AND RECOMMENDATION**

**I.   Introduction**

Before the court is the plaintiffs' second motion to amend [Doc. No. 96]. Pursuant to Fed. R. Civ. P. 15, plaintiffs seek to amend their previously amended complaint to add the following language at the conclusion of all other factual averments:

> After due opportunity to investigate and take action, the Hamilton County Sheriff's Office, and Hamilton County has ratified the wrongful and excessive conduct of Deputy Marty Dunn, failed to disciple [sic] him, in fact promoted him, and should be held liable for approval of the wrongful and excessive actions of Dunn as to Smith.

[Doc. No. 96 at 1]. Plaintiffs also seek to add the following language to the prayer for relief

1

contained in the amended complaint:

> Due to the Hamilton County Sheriff's Office, and Hamilton County's ratification of the wrongful and excessive conduct of Deputy Marty Dunn, they should be held jointly and severally liable for any award of compensatory damages assessed by a jury.

[*id.* at 2].

Defendant John Cupp ("Cupp"), in his official capacity as Sheriff of Hamilton County, Tennessee, has filed a response in opposition to plaintiffs' second motion to amend [Doc. No. 100]. In his response, Cupp asserts plaintiffs' second motion to amend should be denied on the ground it is futile because: (1) the Hamilton County Sheriff's Office is not subject to suit as a separate entity [Doc. No. 100 at 2]; (2) liability in this matter cannot be premised on a theory of *respondeat superior* [*id.* at 3]; and (3) the alleged acts of Hamilton County that allegedly constituted ratification occurred after the alleged constitutional violation [*id.* at 4-7].

A hearing on plaintiffs' second motion to amend was held on March 10, 2006. Present at the hearing were: (1) Attorney Peter B. Murphy for Plaintiffs; (2) Attorney R. Dee Hobbs for Cupp; and (2) Attorney Heather Sveadas for defendant Marty Dunn ("Dunn"). Plaintiffs' counsel requested that the hearing proceed even though plaintiffs' time to reply to Cupp's response had not yet run. Plaintiffs' counsel further stated a reply to Cupp's response to the motion to amend, if any, would be filed no later than Tuesday, March 14, 2006. No reply was filed, and the motion is ready for determination. For the reasons that follow, it is **RECOMMENDED** plaintiffs' second motion to amend be **DENIED** on the ground the proposed amendment is **FUTILE**.

II. **Procedural Background**

On April 23, 2003, plaintiffs, the minor children and widow of Glen Ellis Smith ("Smith"), filed suit against Cupp and Dunn in both their individual and official capacities under 42 U.S.C. §

2

1983. *Smith v. Cupp*, 430 F.3d 766, 771 (6th Cir. 2005). The alleged facts of this action are summarized in the Sixth Circuit's opinion and will not be repeated in detail herein. *Id.* at 768-71. In summary, plaintiffs' claims against Dunn, included: (1) wrongful deprivation of Smith's liberty, (2) use of excessive and unreasonable force in the shooting of Smith, and (3) claims of deliberate indifference to Smith's safety and welfare due to the lack of a security partition in Dunn's police cruiser. *Id.* at 771. On April 22, 2004, this court issued a memorandum and order [Doc. No. 64, 65] granting Cupp's motion for summary judgment, denying plaintiffs' motion for summary judgment, and granting in part and denying in part Dunn's motion for summary judgment. As a result, the court dismissed "all claims against . . . Cupp in both his individual and official capacities, all claims against Dunn in his official capacity, and all claims for unlawful arrest against Dunn." [Doc. No. 65 at 1]. However, plaintiffs' excessive force claim against Dunn remained [*id.*]. Dunn filed an interlocutory appeal to the Sixth Circuit challenging this court's denial of his motion for a summary judgment on grounds of qualified immunity; and, on December 2, 2005, the Sixth Circuit affirmed this court's denial of qualified immunity to Dunn. *Smith*, 430 F.3d at 777.

**III.     Analysis**

    **A.     Standard**

Leave to amend a complaint is freely given where justice so requires, but a court may deny leave where the amendment would be futile or cause undue delay which would result in unfair prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Thiokol Corp. v. Dep't of Treasury*, *State of*

3

*Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, *Dep't of Housing and Urban Development, City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980).

### B. Proposed Amendment

As is discussed more fully above, the only claims remaining in this action are claims against Dunn in his individual capacity. Cupp was granted summary judgment on plaintiffs' claims against him in both his individual and official capacities. In their proposed amendment, however, plaintiffs are now attempting to assert claims against the Hamilton County Sheriff's Office and Hamilton County, which are no longer parties to this action.

#### 1. *Respondeat Superior* Liability

Cupp asserts there is no liability under a theory of *respondeat superior* for the claims plaintiffs seek to include by their second motion to amend [*id.* at 3]. At the hearing, plaintiffs' counsel stated plaintiffs are not trying to assert *respondeat superior* liability in their proposed amendment.

#### 2. Sheriff's Department as Separate Entity Subject to Suit

Cupp further contends the Hamilton County Sheriff's Office/Deparment is not a "person" subject to suit in a section 1983 action because it is not an entity which is subject to suit apart from Hamilton County. Although the Sheriff is an appropriate defendant in a civil rights action under 42 U.S.C. § 1983, "the Sheriff's department itself is not a suable entity under Section 1983 . . . ." *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984). Thus, the only entity which plaintiffs can seek to hold liable as the result of their proposed amendment is Hamilton County, Tennessee.

### 3. Failure to State a Claim for Relief Against Hamilton County

Cupp asserts the plaintiffs' proposed amendment does not state a claim for relief upon which relief can be granted against Hamilton County under § 1983, because plaintiffs' "ratification" theory is premised upon alleged events which occurred after the alleged constitutional violation and, therefore, the alleged "ratification" is not a basis for § 1983 liability against Hamilton County [*id.* at 4-7].

To state a claim against a county under § 1983, a plaintiff must show his injury was caused by an unconstitutional "policy" or "custom" of the county. *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997), *cert. denied*, 523 U.S. 1118 (1998) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)). A county will not be held liable under § 1983 for an injury caused solely by its employees or agents. *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978)). This requirement "ensures . . . a county is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the county." *Id.* Further,

> a plaintiff must demonstrate that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."

*Id.* (quoting *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997)).

In *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988), the Supreme Court stated:

> When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality.

5

> Similarly, when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with *their* policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.

In *Black v. City of Memphis*, No. 98-6508, 2000 WL 687683, * 1 (6th Cir. May 19, 2000), the plaintiff appealed the district court's grant of summary judgment for the City of Memphis (the "City")on her section 1983 claims concerning the shooting of her son by a Memphis police officer, asserting, *inter alia*, the district court erred when it refused to consider the City's investigative and disciplinary responses to the police officer's use of deadly force both with respect to the instant occasion and on prior occasions. Specifically, the plaintiff contended the district court should not have granted summary judgment for the City "because it failed to adequately investigate and discipline [the police officer] after the shooting...amounting to a municipal ratification of...the use of deadly force...." *Id.* at * 3.

The Sixth Circuit rejected the plaintiff's claim holding:

> The local government's policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). To apply a less stringent standard would cause municipal liability to collapse into *respondeat superior* liability, thus, raising serious federalism concerns.
> . . .
> In reviewing cases involving municipal liability, it is important for courts to adhere to rigorous requirements of culpability and causation. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397 (1997). Congress did not intend municipalities to be held liable unless deliberate action attributable directly to the municipality caused a deprivation of federal rights. *Id.* Here, [plaintiff] has failed to present any evidence to indicate the failure to investigate [the police officer's] conduct after the shooting was the "moving force" behind [the] death. *Searcy v. Dayton*, 38

6

> F.3d 282, 287 (1994). In addition, [plaintiff] has not presented evidence to indicate that the failure to investigate other unconnected misconduct was the moving force behind the shooting.

*Id.* at *3 - *4. Further, in order to satisfy the *Monell* requirement that a policy or custom is the moving force behind the constitutional injury, a plaintiff "must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Searcy*, 38 F.3d at 287 (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1983), *cert. denied*, 510 U.S. 1177 (1994).

In the proposed amendment, plaintiffs have not alleged: (1) the existence of a particular policy of Hamilton County, (2) connection of such a the policy to the county and (3) that Dunn's alleged constitutional violation occurred because of the execution of such a county policy. *See Searcy*, 38 F.3d at 287. Instead, plaintiffs assert that Hamilton County ratified or approved Dunn's actions by failing to discipline him and by promoting him and, in fact, promoting him after an opportunity to investigate and take action with respect to this matter [Doc. No. 96 at 1]. However, plaintiffs have not alleged this "opportunity to investigate and take action" constituted a final decision of county policymakers which ratified or acquiesced in Dunn's action. *Praprotnik*, 485 U.S. at 127. Most importantly, plaintiffs have not alleged any direct causal link between the county's alleged final decision, *i.e.*, the post-event failure to discipline or promote, and the alleged use of excessive force against Smith by Dunn. *See Gregory*, 220 F.3d at 441; *Black*, 2000 WL 687683 at *3 - *4; *Searcy*, 38 F.3d at 287. Nothing in the language of plaintiffs' proposed amendment even remotely suggests the post-occurrence lack of discipline or promotion was the moving force behind Dunn's alleged violation of Smith's constitutional rights. *See Black*, 2000 WL 687683 at *3. Further, nothing in the proposed amendment asserts that Dunn's alleged violation of

7

Smith's constitutional rights occurred because Dunn was executing a county policy. *See Searcy*, 28 F.3d at 287. Because plaintiffs have failed to allege any causal connection between the county's after-the-fact failure to discipline or promotion of Dunn and Dunn's prior alleged use of excessive force against Smith, their proposed amendment does not state a claim upon which relief can be granted against Hamilton County under § 1983. Accordingly, since plaintiffs' proposed amendment cannot withstand a Rule12(b)(6) motion to dismiss, the proposed amendment is futile. *See Rose*, 203 F.3d at 417.

Accordingly, I **RECOMMEND** plaintiffs' motion to amend [Doc. No. 96] be **DENIED** as **FUTILE**.

SO ORDERED.

ENTER:

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE